UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

                                                      Criminal Case No. 17-20800
v.                                                    Honorable Linda V. Parker

ERROLL WOFFORD,

                    Defendant.
_____/

**OPINION AND ORDER GRANTING MOTION TO STRIKE (ECF NO. 44) MOTION FOR PRIORITIZATION OF HOME CONFINEMENT AS APPROPRIATE & REENTRY PLAN (ECF NO. 40)**

Presently before the Court is a motion/letter (hereinafter "motion") seeking compassionate release pursuant to 18 U.S.C. § 3582(c).  Defendant's mother, Sunsaria Reed-Baldwin, filed the motion on behalf of her son on April 27, 2020. (ECF No. 40.)  The Court ordered the Government to respond by June 12 and defense counsel to reply by June 19.  (ECF No. 42.)  On June 12, the Government filed a motion to strike Reed-Baldwin's letter.  (ECF No. 44.)  The Government argues that Reed-Baldwin "is not [] an attorney with an appearance in this matter" and thus cannot represent Defendant in federal court.  (*Id*. at Pg. ID 280.)  The Government further argues that, even "if Wofford has authorized his mother to act on his behalf," "a power of attorney does not authorize its recipient to practice law." (*Id*. (citation omitted).)  Defendant did not file a reply brief.

While the Court is not unsympathetic to Reed-Baldwin's plea, a number of hurdles preclude the Court from granting the relief requested.  As an initial matter, the motion was not brought by Defendant, who cannot be represented by his non-lawyer mother.  *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . ."); *Zanecki v. Health Alliance Plan*, 576 F. App'x 594 (6th Cir. 2014) (stating that a "nonlawyer can't handle a case on behalf of anyone except himself").

Furthermore, Reed-Baldwin's motion does not reflect that Defendant has satisfied the administrative exhaustion requirements required by § 3582(c)(1)(A). It also lacks sufficient information regarding the "extraordinary and compelling reasons" that warrant relief (e.g., medical or mental condition or age) and support for the assertion that the extraordinary and compelling reason(s) places Defendant at heightened risk if he remains incarcerated.

Accordingly,

**IT IS ORDERED** that the Motion to Strike (ECF No. 44) Motion for Prioritization of Home Confinement as Appropriate & Reentry Plan (ECF No. 40) is **GRANTED**.  Appointed counsel may file a properly supported motion, if necessary, after exhaustion requirements have been satisfied.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: June 23, 2020

2