UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                                        Criminal Case No. 17-20800

v.                                                   Honorable Linda V. Parker

ERROLL WOFFORD,

        Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE (ECF NO. 49)

On January 22, 2019, Defendant Erroll Wofford pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of mail fraud in violation of 18 U.S.C. § 1341. (ECF No. 32 at Pg. ID 181.) On October 2, the Court sentenced Defendant to 26 months in prison to run concurrent with his state court sentences, followed by 24 months of supervised release. (*See* ECF No. 39.) The matter is presently before the Court on Defendant's Emergency Motion for Compassionate Release. (ECF No. 49.) The motion has been fully briefed. (ECF Nos. 52, 53.)

A defendant may move for compassionate release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i).  The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute.  *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990). Here, Defendant has not satisfied this burden.

It is widely acknowledged, based on expert guidance, that there may be a greater risk of COVID-19 infection for incarcerated individuals and a particular risk of serious outcomes for infected individuals who have certain underlying medical conditions.  One of these medical conditions is moderate-to-severe asthma.  Coronavirus Disease 2019 (COVID-19), CDC, https://perma.cc/CY2D-C688.  Defendant states that he has asthma and his asthma is "likely" moderate. (ECF No. 49 at Pg. ID 297-302.)  The record is not only unclear regarding whether Defendant has "moderate" or "severe" asthma, it does not show that Defendant has been diagnosed with either.  Moreover, showing that the existence of moderate asthma is "likely" falls short of showing that moderate asthma in fact exists.

2

For this reason, the Court finds Defendant is not entitled to compassionate release. The Court thus need not determine whether Defendant satisfied the exhaustion requirement or whether the factors in § 3553(a) support his release.

Accordingly,

**IT IS ORDERED** that Defendant's Emergency Motion for Compassionate Release (ECF No. 49) is **DENIED**.

**IT IS SO ORDERED**.

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: September 28, 2020