UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Criminal Case No. 17-20800

v.                                    Honorable Linda V. Parker

ERROLL WOFFORD,

        Defendant.
_____/

## OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION OF ERROLL WOFFORD'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE (ECF NO. 56)

On January 22, 2019, Defendant Erroll Wofford pleaded guilty pursuant to a Rule 11 Plea Agreement to one count of mail fraud in violation of 18 U.S.C. § 1341. (ECF No. 32 at Pg. ID 181.) On October 2, 2019, the Court sentenced Defendant to 26 months in prison to run concurrent with his state court sentences, followed by 24 months of supervised release. (*See* ECF No. 39.) On August 10, 2020, Defendant filed an Emergency Motion for Compassionate Release, arguing that his asthma makes him particularly susceptible to serious outcomes if he contracted COVID-19. (ECF No. 49.) The Court denied the motion. (ECF No. 54.) Presently before the Court is Defendant's Motion for Reconsideration. (ECF No. 56.)

Eastern District of Michigan Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

A defendant may move for compassionate release under § 3582(c)(1)(A) only after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility,

whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Further, under the statute, a court may reduce a defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] Section 3553(a) to the extent they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that a reduction is consistent with applicable statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i). The defendant bears the burden of proving that "extraordinary and compelling reasons" exist to justify release under the statute. *See United States v. Rodriguez*, 896 F.2d 1031, 1033 (6th Cir. 1990).

Here, the Court found that Defendant failed to demonstrate an extraordinary and compelling circumstance because the record did not show that Defendant has been diagnosed with a moderate or severe form of asthma and Defendant's contention that his asthma is "likely" moderate fell short of showing that he in fact has moderate asthma.[1]  (ECF No. 54 at Pg. ID 501.) Plaintiff argues that this conclusion was in error and urges the Court to consider a different result ahead of his projected August 2021 release.  (*See generally* ECF No. 56.)  The Court declines to do so.

---

[1] It is widely acknowledged, based on expert guidance, that there may be a greater risk of COVID-19 infection for incarcerated individuals and a particular risk of serious outcomes for infected individuals who have certain underlying medical conditions. One of these medical conditions is moderate-to-severe asthma. Coronavirus Disease 2019 (COVID-19), CDC, https://perma.cc/CY2D-C688.

Even if the Court assumed for purposes of Defendant's compassionate release motion that he has an extraordinary and compelling circumstance, the factors in § 3353(a) do not support reducing Defendant's sentence. Defendant is currently incarcerated because he devised and executed schemes to purchase a Range Rover and other luxury vehicles from out-of-state car dealerships using licenses with a photo of his accomplice and the personal identifying information of victims. (PSR ¶¶ 8-23.) After taking possession of the fraudulently-purchased vehicles, Defendant sold the vehicles and retained the proceeds of those sales. (*Id.*) Defendant managed to transform this financial crime into a physically dangerous one as when law enforcement attempted to arrest Defendant in this case, he led them on a high-speed chase, traveling over 100 miles per hour in a 35 mile-per-hour residential zone while disregarding traffic signals. (PSR ¶ 26.) The chase ended when Defendant crashed his car. (*Id.*)

This is not the first time Defendant has stolen, defrauded, or endangered others on the road. In 2008, Defendant—while working as a maintenance person at the Windemere Park Senior Community—stole the bank cards, blank checks, driver's licenses, bank receipts, and bank statements of several tenants of the senior community living center and was arrested after attempting to use the stolen bank cards to purchase gift cards at a Meijer store in Warren, Michigan. (PSR ¶ 42.) In 2016, Defendant arranged for the purchase of a 2016 Dodge Challenger

4

from a Michigan dealership and a 2015 Corvette from an Indiana dealership using fraudulent identification. (PSR ¶ 53.) In 2017, Defendant entered a Verizon Wireless store, told store employees that he owned Construction Fasteners, produced a document with the company name and its tax identification number, and attempted to open a business account, as well as to obtain several cell phones and iPads. (PSR ¶ 54.) Deputies contacted the president of Construction Fasteners and learned that Defendant never worked for the company and never had the authority to act on behalf of the company. (*Id.*) Upon his arrest, Defendant produced a Florida operator's license with his picture on it and the name "Matthew Smith." (*Id.*) On another occasion, law enforcement arrested Defendant after pursuing him as he traveled 125 miles per hour on a motorcycle (PSR ¶ 45) and, on a different occasion, after he traveled 95 miles per hour while impaired (PSR ¶ 50).

The Court is deeply dismayed to see that Defendant has imperiled the financial or physical well-being of others on several occasions in his past. An analysis of each of the § 3553(a) factors—including (i) Defendant's history and characteristics; (ii) the nature and circumstances of the crimes; (iii) due consideration of the seriousness of the crimes; (iv) promoting respect for the law; (v) providing just punishment; (vi) affording adequate deterrence; and (vii) protecting the public from further crimes by the Defendant—strongly suggests that a reduction of Defendant's sentence is inappropriate. *See* 18 U.S.C. § 3553(a).

Accordingly, the Motion for Reconsideration of Erroll Wofford's Emergency Motion for Compassionate Release (ECF No. 56) is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

                                          s/ Linda V. Parker
                                          LINDA V. PARKER
                                          U.S. DISTRICT JUDGE

Dated: January 13, 2021